IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FELIPE PEREZ,

      Plaintiff,

vs.                                  No. CV 19-0939 KG/GBW

GREGG, MARCANTEL; SECRETARY OF CORRECTIONS
JOE, W. BOOKER, JR.; CHIEF DEPUTY SECRETARY
MARK, MYERS; CHIEF OF STAFF
ALEX, SANCHEZ; DEPUTY SECRETARY
GERMAN, FRANCO; DIRECTOR OF CORRECTIONS
ALISHA, LUCERO; ASSISTANT DIRECTOR OF CORRECTIONS,

      Defendants.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER is before the Court *sua sponte* under Fed. R. Civ. P. 41(b) on the Prisoner's Civil Rights Complaint filed by Plaintiff Felipe Perez on October 4, 2019 (Doc. 1). The Court will dismiss the Complaint without prejudice for failure to comply with a Court order and failure to prosecute.

The record reflects that certain mailings to Plaintiff Felipe Perez were returned as undeliverable. ( Doc. 5). The Court's research indicates that Plaintiff Perez was released from the custody of the New Mexico Department of Corrections and Perez has not had any contact with the Court since October 2019. It appears that Plaintiff has been transferred or released from custody without advising the Court of his new address, as required by D.N.M. LR-Civ. 83.6, thus severing contact with the Court.

The Court issued an Order to Show Cause on June 24, 2020, directing Plaintiff Perez to notify the Court of a new address, or otherwise show cause why the case should not be dismissed,

within 30 days of entry of the Order. (Doc. 6). More than 30 days has elapsed since entry of the Order to Show Cause and Plaintiff Perez has not provided the Court with a new address, responded to the Court's Order, or otherwise shown cause why the case should not be dismissed.

Pro se litigants are required to follow the federal rules of procedure and simple, nonburdensome local rules. *See Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980). The local rules require litigants, including prisoners, to keep the Court apprised of their proper mailing address and to maintain contact with the Court. D.N.M. LR-Civ. 83.6. Plaintiff Perez has failed to comply with D.N.M. LR-Civ. 83.6 and with the Court's June 24, 2020 Order to Show Cause.

Plaintiff Perez has failed to comply with the Court's order and failed to prosecute this action by not keeping the Court apprised of his current address. The Court may dismiss an action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with the rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes*, 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003). Therefore, the Court will dismiss this proceeding pursuant to Rule 41(b) for failure to comply with the Court's Order and failure to prosecute this proceeding.

IT IS ORDERED:

(1) the Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. 4) filed by Plaintiff Felipe Perez is DENIED as moot in light of the dismissal of this case; and

(2) the Prisoner's Civil Rights Complaint filed by Plaintiff Felipe Perez on October 4, 2019 (Doc. 1) is DISMISSED without prejudice under Fed. R. Civ. P. 41(b) for failure to comply with the Court's Order and failure to prosecute.

_____
UNITED STATES DISTRICT JUDGE